UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re

SPECIALIZED CLUTCH & BRAKE OF STOCKTON, INC., a California corporation,

      Debtor.

NO. CIV. S-05-01141 FCD GGH

SPECIALIZED CLUTCH & BRAKE OF STOCKTON, INC.,

      Appellant,

  v.

UNITED BRAKE SYSTEMS, INC., et al.,

      Appellees.

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on Specialized Clutch and Brake of Stockton's ("Specialized") appeal of a final judgment and final discharge, issued May 20, 2005, by United States Bankruptcy Court Judge Thomas C. Holman, in the Eastern District of California, pursuant to 28 U.S.C. § 158(a).  The parties

stipulated to a judgment that preserved Specialized's right of appeal on certain issues.[1]  The stipulation was entered into by appellant Specialized and appellees United Brake Systems ("UBS"), Midland Brake ("Midland"), and California Equipment Corporation ("CEC") (sometimes collectively, "appellees") on May 5, 2005.  The central question on this appeal is whether UBS, Midland, and CEC are entitled to deduct the amount of certain cost awards in their favor from the judgments awarded to Specialized, all arising from the same litigation, under the doctrines of recoupment and/or set-off.

**BACKGROUND**

The parties in this case have been involved in a long and protracted bout of litigation beginning December 8, 1989 when Specialized filed a complaint in the Superior Court of California, County of Alameda, against UBS, Midland, and CEC.  Specialized Clutch and Brake of Stockton, Inc. v. United Brake Systems, Inc., Case No. 659087-3 (Super. Ct. Alameda Cty).  Specialized asserted several causes of action against appellees including breach of contract, misrepresentation, and violations

---

[1] Generally, stipulated judgments may not be appealed.  However, where an appellant clearly preserves its right of appeal, and where the purpose of a stipulated judgment is to set an amount of damages to facilitate such an appeal, the stipulated bankruptcy judgment is appealable.  U.A. Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox Constr. Co. Inc., 396 F.3d 1056, 1058 (9th Cir. 2005).  Here, the parties stipulated that "Specialized intends to appeal from the order or judgment on this stipulation, to the extent that such order or judgment permits interpleading Plaintiffs to deduct the 2002 Cost Award from the 1998 Judgment, whether by way of set-off or recoupment."  (Am. Stipulation and [Proposed] Order Regarding Payment of Interpleader Amount, Final Discharge and Entry of Judgment, ["Stip. Judgment"] filed May 2, 2005, at 2-3).  Appellees do not herein oppose the appealability of the stipulated judgment and order.

of California's Unfair Practices Act, California Business and Professions Code §§ 17040, 17045. Id. Ultimately, the causes of action were adjudicated in three separate trials in 1995, 1998, and 2002. (Stip. Judgment at 1). In the 1995 and 1998 jury trials, judgment was entered in favor of Specialized (collectively, the "1998 Judgment") in the amount of approximately $750,000.00; the 2002 trial resulted in a defense verdict. Prior to that trial, appellees made a settlement offer of $650,000.00 to Specialized pursuant to California Code of Civil Procedure § 998(c)(1).[2] (Id.) Specialized rejected the offer and thereafter lost at trial. (Id.) Pursuant to the defense verdict and the § 998 offer, approximately $525,000.00 in costs were awarded to UBS and Midland. (the "2002 Cost Award"). (Id.)

In the interim, between 1998 and 2002, appellees appealed the 1998 Judgment and Specialized attempted to enforce the Judgment. In response, UBS and Midland filed an interpleader action in the Alameda County Superior Court to resolve certain conflicting claims to the 1998 Judgment proceeds. United Brake Systems, Inc. v. Specialized Clutch & Brake of Stockton, Inc., Case No. 836414-4 (Super. Ct. Alameda Cty, Feb. 20, 2001). Specialized then removed the interpleader action to bankruptcy court, where Specialized had previously filed for Chapter 11 reorganization in 1991. In re Specialized Clutch and Brake of

---

[2] Said section provides that "if an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall ... pay the defendant's costs from the time of the offer."

3

1 Stockton, Inc., Case No. 91-92743 (Bankr. E.D. Cal. 1992). That
2 interpleader action became the complaint in this adversary
3 bankruptcy proceeding now on appeal. United Brake Systems, Inc.
4 v. Specialized Clutch and Brake of Stockton, Inc., Case No. 02-
5 9014 (Bankr. E.D. Cal., filed Apr. 18, 2002). Upon conclusion of
6 the adversary proceeding, the bankruptcy court awarded appellees
7 their costs and fees, approximately $7,000.00, in prosecuting the
8 interpleader action (the "2004 Cost Award"). (Stip. Judgment at
9 2.)
10   In rendering its final decision in the adversary proceeding,
11 the bankruptcy court ruled that UBS, Midland, and CEC are
12 entitled to recoupment and/or set-off of the amount they owe
13 Specialized (the 1998 Judgment) against the amount Specialized
14 must pay appellees (the 2002 and 2004 Cost Awards). (Memorandum
15 Decision, ("Bankr. Dec.") filed July 15, 2004, at 9-10.) As
16 such, the amount owed to Specialized by UBS, Midland, and CEC
17 from the 1998 Judgment may be reduced or set-off by the amount of
18 the 2002 and 2004 Cost Awards against Specialized and in favor of
19 appellees. On appeal, Specialized contends that any reduction of
20 the 1998 Judgment is improper.

### STANDARD OF REVIEW

22   When a district court sits as an appellate court in
23 bankruptcy cases, it applies dual standards of review; questions
24 of law are subject to de novo review, and findings of fact are
25 subject to the clearly erroneous standard. A district court
26 exercises de novo review of a bankruptcy court's conclusions of
27
28 law. Aetna v. U.S. Healthcare, Inc. v. Madigan, 270 B.R. 749,

4

753 (9th Cir. BAP 2001). On the other hand, "[f]indings of fact shall not be set aside unless clearly erroneous. . . ." 11 U.S.C. § 8013. In this case, the material facts are undisputed; thus the court reviews de novo the bankruptcy judge's conclusions of law.

**ANALYSIS**

**1. Recoupment**

Recoupment is an equitable doctrine that "exempts a debt from the automatic stay when the debt is inextricably tied" to the claim. In re TLC Hospitals, Inc. v. United States Dept. of Health and Human Services, 224 F.3d 1008, 1011 (9th Cir. 2000). Recoupment is not limited by whether the claim is pre-petition or post-petition but rather the claim "must arise from *the same transaction or occurrence* that gave rise to the liability sought to be enforced by the bankruptcy estate." Id. (emphasis in original).

The bankruptcy court found that the 1998 Judgment and the 2002 Cost Award were both "issued in the same state court action" as the result of Specialized's 1989 complaint, and as such, they constituted part of the same transaction or occurrence. (Bankr. Dec. at 8-9.) Specialized contends that the 2002 Cost Award is substantively different from the 1998 Judgment and accordingly, it is not part of the same transaction or occurrence. (Appellant's Brief at 15.) Specialized rests this contention on

5

the facts that the 1998 Judgment was rendered pursuant to a jury verdict but the 2002 Cost Award was rendered pursuant to application of CCP § 998.  Id.  The court does not find this distinction persuasive.

The Ninth Circuit, interpreting the same transaction or occurrence test broadly, has held that the crucial factor in determining whether two events are part of the same transaction is whether there is a logical relationship between the events. Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1403 (9th Cir. 1996).  In Newbery, the court examined the historical underpinnings of recoupment and found that recoupment did not violate fundamental principles of distributing bankruptcy estate assets.  Id. at 1399.  Recoupment, since it arises from the same transaction or occurrence, is an "arrival at a just and proper liability" between the parties.  Id. at 1400.  Recoupment does not involve preference of one creditor over another but equitably determines the proper liabilities between the parties.  Id.  As appellees emphasize, "it would be unjust to insist that one party fulfill its obligation without requiring the same of the other party."  (Appellee's Brief at 9-10.)

The bankruptcy court held, and this court agrees, that there is a logical relationship between the events here, all of which arose from the same transaction, the 1989 complaint, such that recoupment is proper and the amount of the 2002 and 2004 Cost

6

Awards should be credited against the 1998 Judgment.  The judgments and cost awards arise from a single set of operative facts and claims of Specialized.  It would be inequitable to insist that appellees pay Specialized without requiring Specialized to meet *its* obligations.  Therefore, the equities tip sharply in favor of recoupment because it would be improper for Specialized to enjoy the benefits of the 1998 Judgment without requiring that it pay the 2002 and 2004 Cost Awards.  See Newbery Corp., supra, 95 F.3d at 1403.  Applying recoupment is well within the discretion of the bankruptcy court judge, and he did not err in application of the doctrine to this case.

### 2.  **Set-Off**

Set-off rights are recognized by the Bankruptcy Code.  11 U.S.C. § 553(a).  Set-offs are proper only to the extent allowed by other applicable law.  Newbery, supra, 95 F.3d at 1399.  For set-off to apply, the debts must be mutual, and both must have arisen pre-petition.  11 U.S.C. § 553(a).

Specialized argues that set-off is unavailable here because the 1998 Judgment in its favor arose pre-petition while the 2002 and 2004 Cost Awards in favor of appellees arose post-petition. (Id.)  The court disagrees.  All the awards, the 1995 and 1998 judgments in favor of Specialized and the 2002 and 2004 cost awards in favor of appellees, arose from the 1989 complaint filed by Specialized. (Bankr. Dec. at 8-9.)  Thus, regardless of their

7

timing or nature, all of the awards resulted from the same suit (filed pre-petition) and therefore, all arose *pre*-petition. See Kadjevich v. Kadjevich, 220 F.3d 1016, 1020 (9th Cir. 2000) (noting that the "source" of a post-petition attorneys' fees award was the pre-petition state-court action). A state court's judgment is "unitary" and all of it must be considered pre-petition in nature. Id.

Moreover, the requirement of mutuality is that the same parties owe the other something in the same capacity. Newbery, supra, 95 F.3d at 1398-99. The requirement of mutuality in this case is clearly fulfilled. The parties stand in the same relationship to each other now as they have throughout the more than fifteen-year course of this litigation. Ultimately, judgments and cost awards were entered in favor of one party or the other at different stages of the same litigation. The obligations owed are thus mutual. For these reasons, the bankruptcy judge ruled that set-off is proper and this court agrees with that conclusion.

## CONCLUSION

For the foregoing reasons, the court affirms the bankruptcy court's ruling that appellees are entitled to recoupment and/or set-off of the amounts awarded them in the 2002 and 2004 Cost

///

///

Awards; therefore, Specialized's appeal is DENIED.

    IT IS SO ORDERED.

DATED: April 12, 2006.

                                                 /s/ Frank C. Damrell Jr.
                                               FRANK C. DAMRELL, Jr.
                                               UNITED STATES DISTRICT JUDGE